

WILMINGTON<br>
RODNEY SQUARE<br><br>
NEW YORK<br>
ROCKEFELLER CENTER<br><br>
CHARLOTTE<br>
CARILLON TOWER<br><br>
**Adam W. Poff**<br>
P 302.571.6642<br>
apoff@ycst.com

November 5, 2024

**VIA CM/ECF**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Dear Judge Burke:

Pursuant to the Court's November 4, 2024 Oral Order (D.I. 214), the parties jointly submit this letter.

On November 5, 2024, the following counsel met and conferred via videoconference for over 20 minutes in an attempt to reach agreement on any remaining disputed terms and issues in an attempt to focus the disputes in light of the parties' claim construction briefing:

- For Plaintiff Inpria Corp.: Phillip Citroen, Paul Anderson, and Brooke Wilner of Paul Hastings LLP and Adam Poff of Young Conaway Stargatt & Taylor LLP

- For Defendant Lam Research Corp.: John Gorman, Alison Patitucci, and Katerina Hora Jacobson of Morgan Lewis & Bockius LLP

During the meet and confer, the parties did not reach agreement on any terms. Inpria modified its position on term number 16. That modification is reflected in the amended joint claim construction chart, filed contemporaneously herewith.

In accordance with the Order, the parties hereby provide a "list, for each term remaining to be argued, [stating] what they understand the parties' remaining disputes about the construction of that term to be":

- **The "Metal" Terms (Term Nos. 2, 6, 12, and 30)**: The parties dispute (1) whether "metal" should be construed to have Inpria's proposed ordinary and customary meaning, *i.e.*, a

32358718.1

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P 302.571.6600    F 302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
November 5, 2024
Page 2

"metal (which includes a metalloid) element"; (2) whether the term is indefinite, as proposed by Lam; and (3) if not indefinite, whether the Court should adopt Inpria's or Lam's alternative proposed construction.

- **"coating" / "coating material" / "coated substrate" (Term Nos. 5, 11, and 14)**: The parties dispute (1) whether the terms "coating," "coating material," and "coated substrate" should be construed to have Inpria's proposed ordinary and customary meaning, *i.e.*, a "material covering at least a portion of a surface of a substrate," and (2) whether the patentee acted as its own lexicographer and defined these terms as limited to a "material formed through the deposition of a liquid precursor solution onto a [selected] substrate," as proposed by Lam.

- **"represented by the formula $RSnO_{(3/2-x/2)}(OH)_x$" / "represented by the formulation $(R)_zSnO_{2-z/2-x/2}(OH)_x$" (Term No. 16)**: The parties dispute (1) whether these claims should be construed to have Inpria's proposed ordinary and customary meaning, *i.e.*, "represented by the symbolic representation $RSnO_{(3/2-x/2)}(OH)_x$ of the compound's composition" / "represented by the preparation according to the symbolic representation $(R)_zSnO_{2-z/2-x/2}(OH)_x$ of the at least portions of the coating's composition," and (2) whether these terms should be construed to be limited to "molecular formula(s)," as proposed by Lam.

- **"structure configured to deliver flow of a first precursor vapor from the supply of the organotin compound with the inert gas as a carrier gas to the inlet to provide for formation of an organotin layer on the substrate surface within the deposition chamber" (Term No. 20)**: The parties dispute (1) whether this claim should be construed as in means-plus-function format under 35 U.S.C. § 112(f), as proposed by Lam, and, if it is, (2) whether or not it is indefinite based on whether or not the specification discloses sufficient structure.

- **"no more than 0.5 mole % dialkyltin compounds as an impurity relative to the total tin amount" (Term No. 28)**: The parties dispute (1) whether this claim should be given Inpria's proposed ordinary and customary meaning, *i.e.*, "the composition must have no more than 0.5 mole % dialkyltin compounds as an impurity relative to the total tin amount," and (2) whether the patentee disavowed claim scope during prosecution to limit the composition to compounds "prepared without the use of an alkyl lithium reaction, an alkyl lithium reaction with a subsequent conventional distillation step, or other synthesis and/or purification processes that were then known in the art (e.g., lithium reagents or organotin trichlorides), and limited to the use of the processes and reagents described in the working examples set forth in the '903 patent," as proposed by Lam.

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
November 5, 2024
Page 3

- **"A method for forming a radiation patternable film comprising an oxo-hydroxo network with metal cations having organic ligands with metal carbon bonds and metal oxygen bonds" (Term No. 1)**:  The parties dispute whether this preamble should be construed to be limiting.

                                                         Respectfully,

                                                         */s/ Adam W. Poff*

                                                         Adam W. Poff (No. 3990)

Enclosure

cc:   All Counsel of Record (via CM/ECF and E-mail)

32358718.1