# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INPRIA CORPORATION, | |
| Plaintiff, | |
| v. | C.A. No. 1-22-cv-01359-CJB |
| LAM RESEARCH CORP., | |
| Defendant. | |

## JOINT LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## IN RESPONSE TO ORAL ORDER (D.I. 302)

Of Counsel:

PAUL HASTINGS LLP
Naveen Modi (*pro hac vice*)
Joseph E. Palys (*pro hac vice*)
Phillip W. Citroen (*pro hac vice*)
Douglas W. Cheek (*pro hac vice*)
Brooke M. Wilner (*pro hac vice*)
Madeleine Moss (*pro hac vice*)
2050 M Street NW
Washington, DC 20036
(202) 551-1700
naveenmodi@paulhastings.com
josephpalys@paulhastings.com
phillipcitroen@paulhastings.com
douglascheek@paulhastings.com
brookewilner@paulhastings.com
madeleinemoss@paulhastings.com

Eric W. Dittmann (*pro hac vice)*
Isaac Ashkenazi (*pro hac vice*)
Young J. Park (*pro hac vice*)
Joshua M. Bennett (*pro hac vice*)
Sachiko Taniguchi (*pro hac vice*)
Richard Rothman (*pro hac vice*)
200 Park Avenue
New York, NY 10166
(212) 318-6000
ericdittmann@paulhastings.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Inpria Corporation*

Dated: March 7, 2025

isaacashkenazi@paulhastings.com
youngpark@paulhastings.com
joshuabennett@paulhastings.com
sachikotaniguchi@paulhastings.com
richardrothman@paulhastings.com

Paul M. Anderson (*pro hac vice*)
600 Travis Street, 58th Floor
Houston, TX 77002
(713) 860-7300
paulanderson@paulhastings.com

Joseph J. Rumpler II (*pro hac vice*)
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1839
josephrumpler@paulhastings.com

Dear Judge Burke:

Pursuant to the Court's February 28, 2025, Oral Order (D.I. 302), Plaintiff Inpria Corporation ("Inpria") and Defendant Lam Research Corp. ("Lam") submit this joint letter. On March 6, 2025, lead and local counsel for the parties conferred for about 40 minutes regarding each of the pending issues on which they had submitted joint discovery dispute letters. As explained further below, the parties were able to reach agreement on some, but not all, of these pending issues.

**First discovery dispute letter**, D.I. 223 (Nov. 6, 2024). The Court ruled on this letter on March 5. D.I. 310. Per the Court's guidance in that Order, Inpria intends to meet and confer with Lam regarding a "more focused showing as to additional search terms to be run" and "custodians to be searched." The parties will notify the Court should they be unable to reach agreement on these issues.

**Second discovery dispute letter**, D.I. 247 (Dec. 12, 2024). Regarding document production, Lam has represented that it substantially completed its production of documents. While Inpria continues to review Lam's production and believes that it is still deficient, Inpria intends to meet and confer with Lam, including regarding the inclusion of Lam's unique internal precursor names as part of its effort to focus its search terms. The parties will notify the Court in the event they are unable to reach agreement.

**Third discovery dispute letter**, D.I. 274 (Feb. 7, 2025). The parties remain at an impasse regarding whether Lam must produce the notes accessed by Mr. Trussell during his deposition under Federal Rule of Civil Procedure 30(b)(6). The parties respectfully request the Court's guidance regarding this issue.

**Fourth discovery dispute letter**, D.I. 301 (Feb. 28, 2025). Regarding Inpria's request that Lam produce "all recipes, best-known methods (BKMs), and baselines (BSLs), including those stored on Aether tools, as well as all related documents," the parties were able to make progress towards resolution. Lam agreed to identify by Bates number recipes, BKMs, and BSLs, to the extent they have been produced. Lam further agreed to continue investigating the collection of recipes, including from the relevant tools themselves. On both issues, Lam committed to providing an update by next week. Pending the outcome of Lam's response and further discussion, the parties may return to the Court for its guidance on this issue.

The parties remain at an impasse, however, regarding Lam's request that Inpria produce "all documents and communications in or under its possession, custody, or control related to the acquisition of Inpria by JSR Corporation, including the valuation analysis of Inpria's patents and due diligence materials; and to the extent copies of such documents are maintained by JSR Corporation, whether Inpria has control over those documents and the ability to request and produce them in this action." The parties respectfully request the Court's guidance regarding this issue.

Respectfully,<br>
/s/ *Adam W. Poff*<br>
Adam W. Poff (No. 3990)