

June 25, 2025

**Via E-Filing**
The Honorable Christopher J. Burke
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Inpria Corporation v. Lam Research Corporation*, C.A. No. 22-1359-CJB

Dear Judge Burke:

    We write as *amicus curiae* pursuant to Local Rule 7.1.2 regarding a subsequent authority relevant to this action. This week, Magistrate Judge Micko in the District of Minnesota ordered compliance with subpoenas issued by Defendant Lam Research Corp. ("Lam") in this action. *Lam Rsch. Corp. v. Freedman*, D.I. 28, 25-mc-28 (D. Minn. June 23, 2025) (the "Minnesota Subpoena Action"). That decision is attached as Exhibit A. The order prejudices several third parties and further supports *amicus*'s request for a dismissal or stay under Rule 19(b). D.I. 426. If this Court does not dismiss or stay, at a minimum, it should grant Lam's motion to compel Inpria to coordinate SUNY RF depositions and produce documents, D.I. 556, and extend the close of fact discovery as to SUNY RF witnesses, to mitigate the significant burden that this order imposes on them.

    In March, Lam served document and deposition subpoenas on several third parties associated with SUNY RF, including former SUNY RF researchers Dr. Daniel Freedman and Dr. James Passarelli. In early April, *amicus* moved this Court for leave to submit a brief in support of a dismissal or stay of this action under Ruel 19(b), in view of a parallel proceeding in the Northern District of New York (the "Albany Merits Action"). D.I. 426. Lam moved for the same relief. D.I. 452. Inpria opposed. D.I. 519.

    Lam initially agreed to stay enforcement of those subpoenas pending this Court's decision on the requests for a dismissal or stay pursuant to Rule 19(b). However, in view of the upcoming close of discovery in this action on July 18, 2025, Lam later moved to enforce the subpoenas to Drs. Freedman and Passarelli in the District of Minnesota. *Minnesota Subpoena Action*, D.I. 26 at 7 (arguing that its agreement was no longer binding because "Respondents have been aware Lam intends to enforce these subpoenas during fact discovery, and aware of the July 18 discovery deadline"). Lam additionally moved to enforce several of the other subpoenas in the Northern District of New York (the "Albany Subpoena Action").

    Drs. Passarelli and Freedman opposed. They argued, among other things, that the subpoenas were unduly burdensome. First, they would require these third parties to be deposed twice on the same issues—once in this action, and once in the Albany Merits Action. And second,

the subpoenas would jeopardize their rights as inventors, forcing them to defend their ownership and inventorship rights half-blindfolded by a party who alone held all the documents. *Minnesota Action*, D.I. 24 at 8-12. The respondents in the Albany Subpoena Action leveled similar objections.

Over that objection, the District of Minnesota granted Lam's motion to enforce. Magistrate Judge Micko reasoned that the testimony was important to this action:

> [T]he deposition testimony of Respondents is highly relevant to Lam's claims and defenses . . . , as both Drs. Freedman and Passarelli are likely to have substantial information that puts ownership of the disputed patents at issue. . . . [F]ailing to grant Lam's motion would be highly prejudicial, since it has the potential of leaving Lam to defend ***a patent ownership dispute*** without direct evidence of inventorship.

Ex. A at 1-2 (emphasis added). In concluding that enforcement could not wait, he noted that "there is no ruling on [the requests to stay or dismiss this action], and it is now less than a month until the close of fact discovery in the Delaware Action." *Id.* at 7. He acknowledged that "[c]ertainly, coordination of depositions in the Delaware and NDNY Actions makes good sense, saves attorney and third-party resources, and seems fully consistent with Federal Rule of Civil Procedure 1." *Id.* at 8. But coordination was impossible because "Inpria block[ed] [Lam's coordination] efforts." *Id.* As such, the court ordered compliance by the close of discovery, currently set for July 18, 2025. The court in the Albany Subpoena Action has not yet ruled on Lam's motion.

Magistrate Judge Micko's decision necessitates granting *amicus*'s (and Lam's) request for dismissal or stay of this action. The decision makes concrete the tension between this "patent ownership dispute" and the Albany Merits Action. SUNY RF's rights are being litigated before its eyes, yet it cannot participate. Drs. Passarelli and Freedman are unnamed inventors of patents at issue in this case. But SUNY RF may be excluded from their depositions, unable to assert or protect its ownership rights over those patents. *See* D.I. 426-1 at 9. ("[D]isposing of this action in the RF's absence may impair or impede the RF's ability to protect its interests.") And Drs. Passarelli and Freedman themselves may be forced to defend their inventorship rights without having access to any of the documents produced in this case. Inpria, on the other hand, can ask questions with full, asymmetric information, unfettered by objections by SUNY RF, to try to show that it invented the intellectual property at issue in this case. *See id.* at 16 ("[Inpria's] case depends on the Court finding that the RF lacks any ownership or inventorship interests in those patents. To wit, Inpria apparently is willing to risk this entire action and all of the asserted patents on its refusal to recognize SUNY RF's rights."). Likewise, Lam can unilaterally depose these witnesses to support its story that "the asserted patents are not valid, enforceable, or valuable," so that it can "continue its alleged infringement without the need for a license." *Id.* at 10, 17. SUNY RF is stuck in the middle, but unable to be heard.

The decision also highlights why Albany is the better, less burdensome forum. As a result of this decision, Drs. Passarelli and Freedman must be deposed immediately, possibly without any of the documents that Lam and Inpria have been exchanging and reviewing for months. They must

defend their inventorship rights with one hand tied behind their back. Moreover, Inpria—which has conspicuously failed to serve a deposition subpoena on Dr. Passarelli or Freedman—may seek to depose them *again* in the Northern District of New York action, mandating another round of motion practice and (while it would be highly improper) risking another burdensome deposition. As Lam and *amicus* predicted, "the same issues [are being] litigated twice in different venues." D.I. 533 at 18; D.I. 426-1 at 18 ("Inpria will necessarily be required to relitigate these same issues in the Albany [Merits] Action, with potentially different results."). Even the unenforced subpoenas, still pending in the Albany Subpoena Action, make clear the inefficiency of proceeding in this Court: "significant witnesses and substantial evidence *are* in New York and *are* subject to the Albany court's jurisdiction." *Id.* at 20. But instead of litigating these issues in the single forum that it bargained for, SUNY RF must defend its interests in at least three different venues.

      Dismissing or staying this action is the only thing that would protect SUNY RF's rights. But if this Court disagrees, the Court should grant Lam's motion to compel, and should extend the close of fact discovery as to SUNY RF witnesses until at least August 22, 2025. As to Lam's motion to compel Inpria to coordinate depositions and produce documents, it is meritorious. The documents and testimony sought in this case are highly relevant to the overlapping issues among the cases. *See, e.g.*, Dkt 426-1 at 10, 16-17. Cross-production is in no way burdensome for Inpria, which has already reviewed and produced the documents once. But the burden on SUNY RF and the unnamed inventors of defending their rights without any relevant documents is serious.

      And as to extending the timeline, that is critical to mitigating the already-significant burden on these third parties. Lam and Inpria, who are parties, have had a year and a half to discuss, review and produce documents. Yet Drs. Freedman and Passarelli, who are not parties in any action, are being forced to collect, review, and produce documents, not to mention prepare for a deposition, in *less than four weeks*. That period includes federal holidays and vacations of both Respondents and their counsel—vacations that were planned based on Lam's since-rescinded agreement to stay those depositions. In that light, an extension of the schedule is warranted to allow Respondents at least 60 days for compliance. Even these measures, however, would not take away the extreme burden and impropriety of litigating this "patent ownership dispute" in another forum.

      For these reasons, *amicus* respectfully submits that the decision of the District of Minnesota supports its request for dismissal or stay under Rule 19(b).

                                Respectfully submitted,

                                /s/ Brian E. Farnan

                                Brian E. Farnan

cc: Counsel of Record (via E-mail)